THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TOBY KITTRELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PAT MCTIGHE, BRIAN MORHART, SERGEANT MARQUEZ, CASE MANAGER CLARK, CHIEF LONG, UNIT MANAGER MERTZ, ASSISTANT WARDEN NELSON, and SGT. TIGHE,<br><br>　　　　Defendants. | CV 19-00088-GF-BMM -JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Plaintiff Toby Kittrell failed to file an initial disclosure statement as required by Paragraph I(A) of the Court's April 17, 2020 Scheduling Order (Doc. 12). Accordingly, on July 15, 2020, this Court issued an Order requiring Mr. Kittrell to file his initial disclosure statement on or before August 14, 2020. Mr. Kittrell was warned that if he failed to comply this matter would be recommended for dismissal. (Doc. 16.)[1] Mr. Kittrell did not respond. On September 4, 2020, Defendants filed a Motion to Dismiss based upon Mr. Kittrell's failure to file a disclosure statement and his failure to respond to Defendants' written discovery requests. (Doc. 20.) Mr. Kittrell did not respond to the motion.

---

[1] The July 15, 2020 Order was initially misdirected due to clerk's error but was remailed to Mr. Kittrell on July 28, 2020 at Crossroads Correctional Center where he is currently incarcerated. (Doc. 16.)

1

Based upon Mr. Kittrell's failure to comply with the Court's Orders dated April 17, 2020 (Doc. 12) and July 15, 2020 (Doc. 16), his failure to respond to Defendants' discovery requests, and his failure to respond to Defendants' Motion to Dismiss, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case is at a critical stage in that discovery has expired and motions are due on

October 23, 2020. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Kittrell refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Kittrell's failure to comply with the Court's disclosure requirements prejudices Defendants. They cannot defend this matter without discovery. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel*

*v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* The Court made Mr. Kittrell aware of his disclosure obligations in it's April 17, 2020 Scheduling Order and July 15, 2020 Order. (Docs. 12, 16.) The Court specifically advised Mr. Kittrell in its July 15, 2020 Order that his failure to comply with the Order would result in a recommendation that this matter be dismiss for failure to comply with a court order. (Doc. 16 at 2.) Mr. Kittrell did not respond. Defendants then filed a motion to dismiss again raising the disclosure requirement and Mr. Kittrell's failure to respond to discovery. (Doc. 20.) Again, Mr. Kittrell did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. CoreCivic Defendants' Motion to Dismiss (Doc. 20) should be GRANTED and this matter should be DISMISSED pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R. App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of October, 2020.

John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Kittrell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.